CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 02 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SALLY DEE DIRICO,<br>    Plaintiff, | Civil Action No. 7:13CV440 |
| v. | MEMORANDUM OPINION |
| VIRGINIA DEPARTMENT OF<br>TRANSPORTATION, ET AL.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

*Pro se* Plaintiff Sally Dee DiRico ("DiRico") brings this sexual discrimination action *in forma pauperis* under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (2006). She has named as defendants the Virginia Department of Transportation ("VDOT") and three VDOT employees who interviewed her, David Clarke ("Clarke"), Stacy Keith ("Keith"), and Donna Graham ("Graham"). DiRico alleges that the defendants failed to promote her because of her sex and instead hired a man who was not as educated, qualified, or skilled. For the following reasons, the court will grant DiRico's application to proceed *in forma pauperis*; dismiss defendants Clarke, Keith, and Graham without prejudice; and, under 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss DiRico's claims without prejudice because they contain insufficient facts.

I.

DiRico has been employed by VDOT since 1999, first as a Roadway Design Engineer Technician and most recently as a Contract Administrator. In 2011, DiRico applied for a position as Contract Manager at the VDOT Christiansburg Residency. VDOT interviewed DiRico, along with two men, for the position. The interviewers included Clarke, Keith, and Graham, who appear to be VDOT supervisors. VDOT did not offer DiRico the position; instead, one of the men got the position.

DiRico alleges that she has been subject to sexual discrimination and "feel[s] like [she] was the most qualified for the position and it was given to this man due to favoritism and him being a man." DiRico also alleges she is more educated, skilled, and qualified for the position than the man selected.

## II.

DiRico has named three individual defendants who are not subject to suit under Title VII. It is well established that supervisors are not liable in their individual capacities under Title VII. Lissau v. S. Food Svc., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to . . . conclude that supervisors are not liable in their individual capacities for Title VII violations."). Rather, Congress intended that *employers* should be liable for Title VII violations. Id. at 181. The court, therefore, dismisses without prejudice defendants Clarke, Keith, and Graham.

## III.

DiRico also alleges VDOT discriminated against her on the basis of sex. Without facts sufficient to show that similarly situated men received favorable treatment over her, the court finds that DiRico has failed to show that she has a plausible claim for relief.

Fed. R. Civ. Pro. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall "at any time" dismiss an *in forma pauperis* complaint if it "fails to state a claim upon which relief may be granted." The court construes *pro se* complaints liberally, imposing less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner et al., 404 U.S. 519 (1972). A complaint must, however, still contain sufficient factual matter, accepted as true, to "state a claim

of relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

To state a claim for discrimination under Title VII, DiRico must establish: (1) she is a member of a protected class; (2) she has satisfactory job performance; (3) she was subjected to adverse employment action; and (4) similarly situated employees outside of her protected class received more favorable treatment. See Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

DiRico alleges VDOT did not promote her because of her sex (an alleged adverse employment action) and instead hired a male less educated, skilled, and qualified than her. She has not, however, alleged *how* the male was less educated, skilled, or qualified.[*] DiRico has simply stated that she believes VDOT discriminated against her, but her threadbare recitals contain insufficient factual matter to show that a similarly situated (or less qualified) male employee received favorable treatment. While the pleading rules do not impose an exacting standard on DiRico, she must offer some facts to support a judgment in her favor. In their absence, the court will dismiss DiRico's complaint against VDOT without prejudice.

IV.

For the foregoing reasons, the court will grant DiRico's application to proceed *in forma pauperis*; dismiss defendants Clarke, Keith, and Graham without prejudice; and, under 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss DiRico's claims without prejudice for failure to state claim upon which relief may be granted.

**ENTER**: October 2, 2013.

UNITED STATES DISTRICT JUDGE

---

[*] DiRico's EEOC charge sets out VDOT's explanation for the hiring choice: "…we finally selected another candidate who we believe more closely fits the position's requirements at this time." VDOT's reason, as relayed to DiRico by Human Resources, was that the chosen candidate had experience in contract monitoring.

3